UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PEGGY L. GIBBS,

    Plaintiff,

v.

BREG, INC.; LMA NORTH AMERICA, INC.; I-FLOW CORPORATION; DJO, LLC; DJO INCORPORATED; MCKINLEY MEDICAL LLC; MOOG INC.; CURLIN MEDICAL, INC; STRYKER CORP.; and STRYKER SALES CORP.,

    Defendants.

Case No. 10-CV-0671 (PJS/FLN)

ORDER

Plaintiff Peggy Gibbs moves to dismiss this case voluntarily, without prejudice, and without costs to any party under Fed. R. Civ. P. 41. Only one defendant, I-Flow Corporation ("I-Flow"), opposes the motion. Because of I-Flow's opposition, Gibbs's motion to dismiss is governed by Fed. R. Civ. P. 41(a)(2). The Court grants the motion.

Under Rule 41(a)(2), where — as here — no defendant has filed a counterclaim, a district court may dismiss a case without prejudice at the plaintiff's request "on terms that the court considers proper." Whether to grant such a motion is within the court's discretion. *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984). In deciding whether to grant a Rule 41(a)(2) dismissal, a court considers factors such as: (1) the effort and expense the defendant has incurred; (2) the plaintiff's diligence, or lack thereof, in moving the case forward; (3) the plaintiff's explanation for seeking dismissal; and (4) whether the defendant has moved for summary judgment. *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987).

In this case, Gibbs says that she wishes to dismiss the case and "does not seek to continue this litigation, re-file, or transfer this case." Pl. Mem. Supp. Mot. Dism. at 3 [Docket No. 65]. Although this statement would be more consistent with a dismissal *with* prejudice than a dismissal *without* prejudice, the Court finds that it adequately explains Gibbs's desire for a dismissal. And given the preliminary stage of the case, I-Flow has not been required to expend significant effort on its defense. Indeed, although I-Flow contends that it "expended considerable time and expense preparing and filing its responsive pleading to the Complaint," Def. Mem. Opp. Pl. Mot. Dism. at 4 [Docket No. 69], I-Flow does not contend that it was required to do anything other than prepare an answer to the complaint. Particularly given that I-Flow is a named defendant in many other similar product-liability lawsuits in this District, the Court finds that I-Flow's costs and fees in answering Gibbs's complaint cannot have been so substantial that they merit an award of costs and fees to I-Flow.

Further, in *Kern v. TXO Production Corp.*, even when the plaintiff dismissed a case without prejudice *during trial*, the Eighth Circuit did not require the plaintiff to pay the defendant's costs and fees as a condition of dismissal. 738 F.2d at 972. Instead, *Kern* upheld a district court's dismissal without prejudice under Rule 41(a)(2), but ordered the district court on remand to *conditionally* require the plaintiff to pay the defendant's costs and fees if, in the future, the plaintiff re-filed the suit. *Id.* ("On remand, [the district court] should determine the amount of defendant's costs . . . and fees reasonably incurred up through the order of dismissal. Plaintiff need not be required to pay any amount now. But she should be required to make a payment to defendant as a condition of maintaining a second action, if she decides to file one and does so within the relevant period of limitations."). In light of *Kern* — an important case that I-Flow did

not discuss, or even cite, in opposing Gibbs's motion — and given the circumstances of this case, the Court sees no reason to award I-Flow the costs and fees it seeks.

## ORDER

Based on the foregoing, and on all of the files and records herein, IT IS HEREBY ORDERED that:

1. The motion of plaintiff Peggy L. Gibbs to dismiss without prejudice under Fed. R. Civ. P. 41(a)(2) [Docket No. 64] is GRANTED.

2. This matter is DISMISSED WITHOUT PREJUDICE and WITHOUT COSTS TO ANY PARTY.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 26, 2010  s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge